UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

SAVANNAH KAY OAKES,           )
                              )
        *Plaintiff*        )
                              )
v.                            )   No. 1:15-cv-189-NT
                              )
CAROLYN W. COLVIN,            )
**Acting Commissioner of Social Security,**   )
                              )
        *Defendant*        )

***REPORT AND RECOMMENDED DECISION***[1]

This Supplemental Security Income ("SSI") appeal[2] challenges the Appeals Council's treatment of new evidence submitted by the plaintiff after the administrative law judge issued her decision and the administrative law judge's failure to assign the opinion of a treating physician controlling weight. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from polysubstance dependence in short term remission, depression, psoriatic arthritis, fibromyalgia, anxiety, anorexia

---

[1] This action is properly brought under 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on December 16, 2015, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

[2] The plaintiff originally sought Social Security Disability ("SSD") benefits as well as SSI benefits. Prior to her hearing before the administrative law judge, she amended her alleged date of onset of disability to January 25, 2013, Record at 32, resulting in dismissal of her SSD claim, as she was eligible for such benefits only if her disability began before September 30, 2009. *Id.* at 34.

1

nervosa, and personality disorder, impairments that were severe but which, considered separately or in combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, Record at 35; that she had the residual functional capacity ("RFC") to perform sedentary work, but that she could not stand for more than 30 minutes at a time, and would need to alternate sitting and standing, that she could not climb ladders, ropes, or scaffolds, but could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, crawl, and perform overhead work bilaterally, that she should avoid constant handling, constant forceful grasping, and work at unprotected heights, that she could understand, remember, and carry out simple repetitive instructions, that she must avoid work with the general public but could occasionally interact with a small group of coworkers and supervisors, and that she could otherwise adapt to routine changes in the work setting, Finding 5, *id.* at 36-37; that she was unable to perform any past relevant work, Finding 6, id. at 42; that, considering her age (12 years old on her originally alleged disability onset date, April 25, 1998),[3] education (at least high school), work experience, and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 7-10, *id.*; and that she, therefore, had not been disabled from January 25, 2013, her amended disability onset date, through the date of the decision, October 24, 2013, Finding 11, *id.* at 43.  The plaintiff submitted additional evidence to the Appeals Council after the administrative law judge issued her decision.  *Id.* at 10-16.  The Appeals Council considered the additional evidence, *id.* at 2, and declined to review the decision, *id.* at 1-4, making the decision the final determination of the commissioner, 20 C.F.R. § 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

---

[3] Plaintiff amended her alleged date of onset of disability to January 25, 2013.  *See* fn. 2, *supra*.

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. § 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. Appeals Council Action

The plaintiff contends that certain records in the additional evidence submitted to the Appeals Council "would have led the ALJ to give a more restrictive RFC[,]" Plaintiff's Statement of Errors ("Itemized Statement") (ECF No. 13) at 5, but that is not the legal standard applicable to court appeals when the Appeals Council has admitted and considered late-submitted evidence, as it did in this case. The plaintiff asserts that "it is only the Plaintiff's burden to prove that Dr. Risser's signed PRTF and [his letter dated December 26, 2014] create a 'reasonable probability' that this evidence, 'alone or when considered with the other evidence of record, would change the

3

outcome of the decision.' 20 CFR §405.401(c).'" *Id*. at 7-8. Again, that is not the applicable standard.[4]

When the Appeals Council has considered evidence submitted after the administrative law judge's decision has been issued,

> [i]n *Mills v. Apfel*, 244 F.3d 1 (1st Cir. 2001), the First Circuit made clear that there are two circumstances in which remand based on submission of evidence subsequent to the issuance of an administrative law judge's decision is appropriate: (i) when that evidence is new and material *and* a claimant demonstrates good cause for its belated submission and (ii) when, regardless of whether there is such good cause, the Appeals Council has given an "egregiously mistaken ground" for its action in refusing review in the face of such late-tendered evidence. *Mills*, 244 F.3d at 5-6.

*Alley v. Astrue*, Civil No. 09-636-B-W, 2010 WL 4386516, at *3 (D. Me. Oct. 28, 2010) (emphasis in original). "The First Circuit has emphasized that the Appeals Council's reasons for denying review are owed 'great deference[,]' although 'they are ordinarily not beyond review in extreme cases.' *Mills*, 244 F.3d at 6." 2010 WL 4386516, at *4.

In her itemized statement, the plaintiff argues that she need only show that there is a "reasonable probability" that her late-submitted evidence would change the outcome of the administrative law judge's decision. Itemized Statement at 7-8 and *passim*. Accordingly, as set forth above, she does not mention the correct standard of review, and must accordingly be deemed to have waived any argument based on either prong of the appropriate standard. *See, e.g., Dunn v. Astrue*, Civil No. 09-382-P-S, 2010 WL 2670851, at *4 n.4 (D. Me. June 28, 2010).

If the appropriate standard were to be applied in this case, the plaintiff has not shown "good cause" for the late submission of the evidence at issue, particularly that evidence dated before the

---

[4] The regulation cited by the plaintiff in this regard, 20 C.F.R. § 405.401, Itemized Statement at 3, applies by its term only to the Appeals Council's decision whether to consider evidence submitted after the administrative law judge has issued his or her decision. The regulation is inapposite, because, in this case, the Appeals Council decided to consider the late-submitted evidence. Record at 2.

date of the administrative law judge's decision. The evidence dated after that date is only a Psychiatric Review Technique signed by Dr. Fred Risser, which the plaintiff concedes was submitted to the administrative law judge in identical form only without the signature, and a two-page letter from Dr. Risser to the plaintiff's then-lawyer dated December 26, 2014. Itemized Statement at 2, 6. There is no indication in the letter that Dr. Risser is referring to the plaintiff's condition before the date of the administrative law judge's decision (October 24, 2013), nor does the plaintiff suggest any reason why the letter could not have been written before the earlier date. The plaintiff cannot meet the first alternative of the applicable legal standard.[5]

      Nor could the plaintiff meet the second alternative. The Appeals Council's statement that the late-submitted evidence "does not provide a basis for changing the Administrative Law Judge's decision," Record at 2, is an entirely supportable conclusion. To the extent that the evidence at issue concerned the appropriate period of time, the plaintiff proffers only the assertion that the records "make it clear that the Plaintiff's fibromyalgia has not been under control because she has continued . . . to suffer from tenderness in multiple locations consistent with her reports of worsening pain, stiffness, and tiredness." Itemized Statement at 5. However, the records upon which the plaintiff relies in this regard are dated before her amended alleged date of onset of disability, January 25, 2013. Record at 32. Thus, these records cannot reasonably be read to demonstrate that the Appeals Council's conclusion was "egregiously mistaken." *See, e.g., Barry v. Astrue*, Civil No. 09-311-B-W, 2010 WL 2072767, at *3 (D. Me. May 18, 2010).

---

[5] In addition, Dr. Risser's opinion that the plaintiff was not "capable of any employment whatsoever," Record at 814, is an opinion on an issue reserved to the commissioner, 20 C.F.R. § 416.927(d)(1)-(3), and therefore not entitled to any deference.

### B. Dr. Risser's Opinions

The plaintiff asserts that the late-submitted opinions of Dr. Risser are "consistent with" those of Dr. Roger Zimmerman, to which the administrative law judge gave "great weight," and "thus, should have resulted in a determination that the Plaintiff is disabled." Itemized Statement at 12. Because the amendment of her alleged date of onset makes the reports of the state-agency physicians irrelevant, she continues, there are no medical opinions in the record that support the RFC assigned to her by the administrative law judge, who therefore "erred in not according controlling weight to Dr. Risser's opinions[.]" *Id*. at 12-13.

It is not apparent how the administrative law judge committed reversible error by not giving controlling weight to written opinions that were not in evidence at the time of her decision. An administrative law judge cannot commit reversible error on the basis of evidence that was never presented to her. *Mills,* 244 F.3d at 5.

If the plaintiff means to assert that the administrative law judge's mental RFC lacks support in the record, she fails to point out any particular evidence, other than Dr. Risser's opinion on the ultimate issue, that would support any specific, more restrictive limitations in her mental RFC. In fact, Dr. Zimmerman's opinions, in a report that is also dated before the plaintiff's amended alleged date of onset of disability, Record at 32, 428, are not inconsistent with the mental limitations included in the administrative law judge's RFC.

The RFC includes the following limitations:

> She can understand[,] remember[,] and carry out simple repetitive instructions, and persist at that level of complexity for eight hours a day, five days a week consistently. She would also need to avoid work with the general public, but can occasionally interact with a small group of coworkers and supervisors and could otherwise adapt to routine changes in the work setting.

Record at 36-37. Dr. Zimmerman's relevant findings or opinions are the following:

> [C]laimant appears able to communicate, understand, concentrate and attend at least on a short-term basis.  She is able to follow at least simple instructions and may be able to follow more complex instructions.  She can memorize.  Her ability to exhibit an adequate range of social skills at this time is doubtful.  . . . There are likely to be difficulties with mood regulation.  The claimant's work history is quite spotty and despite educational background . . . the claimant's ability to hold onto a job is likely to be characterized with difficulties getting along with others particularly those in a position of authority.

*Id*. at 427.

The plaintiff does not challenge the administrative law judge's reliance on Dr. Zimmerman's report.  That report supports the mental RFC assigned to the plaintiff by the administrative law judge.  The plaintiff's argument based upon the absence of medical opinion consistent with the RFC, Itemized Statement at 12-13, accordingly must fail.

## II.  Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 28th day of December, 2015.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge